United States District Court
Southern District of Texas
**ENTERED**
December 09, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERRY JAMES DICKERSON, JR., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 4:18-CV-4578 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| *Defendant.* § | |

## REPORT AND RECOMMENDATION
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Jerry James Dickerson, Jr. ("Plaintiff") filed this suit seeking review of the denial of his request for disability and disability insurance benefits under Title II of the Social Security Act ("the Act"). ECF No. 1.[1] The Parties filed cross-motions for summary judgment. ECF Nos. 8-12. Based on the briefing and the record, the Court recommends both motions be GRANTED IN PART and DENIED IN PART, as stated herein, and the case be remanded consistent with this Report and Recommendation.

---

[1] The District Judge to whom this case is assigned referred the action to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 6.

I.  **BACKGROUND**

Plaintiff is a 49-year-old man. R. 38. Plaintiff worked over 20 years in the Army, primarily as an M1 tank mechanic, and served in Desert Storm and Iraq. R. 39, 329. However, he was medically discharged due to problems with his knees and back. R. 39, 169-170. Plaintiff was given a 100% disability rating by the Department of Veterans Affairs ("VA") for various conditions related to his service, beginning from his alleged onset date of July 4, 2016. R. 165-168.

On August 1, 2016, Plaintiff filed an application under Title II seeking benefits beginning on July 4, 2016 based on osteoarthritis in both knees, finger injuries, high blood pressure, sleep apnea, injuries in both shoulders, migraine headaches with blurred vision, neck pain, wrist stiffness, ankle pain, and hearing loss. R. 55-56, 132, 174.[2] On February 10, 2017, the Commissioner denied his claim. R. 80. Plaintiff requested reconsideration on April 12, 2017, R. 84, and the Commissioner again denied his claim, R. 86. On August 24, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 89. ALJ Kimani Eason conducted a hearing on March 16, 2018. R. 28-54. Robert H. Smiley, a medical expert ("ME"), and Cheryl Lynn Swisher, a vocational expert ("VE"),

---

[2] The relevant time period is July 4, 2016—Plaintiff's alleged onset date—through September 30, 2021—Plaintiff's last insured date. R. 14. The Court will consider medical evidence that pre-dates this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App.'x 350, 354 (5th Cir. 2014).

testified. R. 33-37, 48-52. Plaintiff also testified. R. 38-47. On April 9, 2018, the ALJ denied Plaintiff's application for benefits. R. 14-23.[3]

On May 8, 2018, Plaintiff requested the Appeals Council to review the ALJ's decision. R. 125. On October 5, 2018, the Appeals Council denied Plaintiff's request for review. R. 1-5; *see Sims v. Apfel*, 530 U.S. 103, 106 (2000) (explaining that when the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision). On December 5, 2018, Plaintiff filed this civil action. ECF No. 1.

## II.  STANDARD OF REVIEW

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript

---

[3] The ALJ determined Plaintiff was not disabled at Step Five. At Step Two, the ALJ found Plaintiff has the following medically determinable and severe impairments: hypertension, osteoarthritis in both knees and the ankle, obesity, and obstructive sleep apnea. R. 16. He also found that Plaintiff had a history of appendicitis, fracture and osteoarthritis of the right big toe, microhematuria, bladder wall thickening, chronic kidney disease, sensorineural hearing loss, and hepatitis B virus, but that these were not severe. R. 17. At Step Three, the ALJ found Plaintiff's impairments or combination of impairments do not rise to the level of severity of the impairments in Listings 1.02 (major dysfunction of a joint), 3.00 (respiratory disorders), the obesity ruling, and preamble 4.00H(1) for hypertension. R. 17. The ALJ found Plaintiff has the Residual Functioning Capacity ("RFC") to perform sedentary work, except he must not stand or walk for more than 30 minutes at a time; can never climb ropes, ladders, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; and can never crawl. R. 18. Plaintiff also must never be exposed to extreme heat or cold, can never work at unprotected heights or near dangerous moving machinery, and must have ready access to restrooms. R. 18. At Step Four, the ALJ found that Plaintiff is not able to perform past relevant work as a military maintenance mechanic. R. 21. However, at Step Five, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as telephone solicitor, order clerk, or document preparer, and therefore Plaintiff was not disabled as defined under the Social Security Act. R. 22.

> of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive[.]

*Id*. Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "more than a scintilla but less than a preponderance." *Id*.

A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id*. (quotation and citation omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id*. A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*,

771 F.3d 920, 923 (5th Cir. 2014).

### III. ANALYSIS OF PLAINTIFF'S CHALLENGES TO THE ALJ'S DECISION

Plaintiff argues: (1) the ALJ failed to consider Plaintiff's 100% VA disability rating in his decision; (2) the ALJ erred in failing to specify the frequency and length of restroom breaks in the RFC limitation that Plaintiff should have "ready access" to the restroom; (3) the ALJ failed to consider Plaintiff's mental health limitations in his RFC finding; and (4) the presiding ALJ lacked authority to hear the case because he was not properly appointed under the Constitution. ECF No. 9 at 9.

### A. The ALJ Erred in Failing to Consider Plaintiff's 100% VA Disability Rating.

Plaintiff argues the ALJ committed a reversible error by failing to consider the VA's 100% disability rating, which was based on 26 different impairments related to his military service. ECF No. 9 at 16-18; *see* R. 165-168. The Commissioner concedes that the ALJ "did not mention Plaintiff's VA disability rating in [his] decision," but that any such error was harmless. ECF No. 11 at 9-10.

Under Fifth Circuit law, the ALJ is required to consider the VA's disability determination:

> A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.

5

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citing *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)); *see also Rasco v. Berryhill*, No. 17-CV-946, 2018 WL 587948, at *4 (S.D. Tex. Jan. 5, 2018), *report and recommendation adopted*, 2018 WL 560400 (Jan. 25, 2018). Likewise, under the applicable agency rules, the ALJ is required to consider another agency's disability determination:

> [W]e are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies . . . . Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered.
>
> . . .
>
> [T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

SSR 06-03p., 2006 WL 2263437.[4]

The appropriate weight the ALJ should give to the VA's determination will "depend[] upon the factual circumstances of each case." *Chambliss*, 269 F.3d at 522. In most cases, the ALJ will give "great weight" to the VA's disability determination.

---

[4] SSR 06-03p. interpreted 20 C.F.R. § 404.1504 before it was amended in early 2017 to provide that the Social Security Administration need not analyze a disability determination by the VA or other agency. 20 C.F.R. § 404.1504. However, this change applies only to claims filed after March 26, 2017, and thus SSR 06-03p. remains relevant to this case. *See id.*; *Allison v. Berryhill*, No. 16-CV-170, 2018 WL 1274853, at *5 & n.10 (N.D. Tex. Feb. 16, 2018) (applying SSR 06-03p. to appeal of a claim filed in 2014, even after § 404.1504 had been amended), *report and recommendation adopted*, 2018 WL 1276820 (Mar. 9, 2018).

*Id.*; *Jordan v. Astrue*, No. 11-CV-3622, 2013 WL 865969, at *17 (S.D. Tex. Feb. 15, 2013) ("Indeed, because a VA rating makes a specific finding on disability, it, like a physician's finding, constitutes evidence entitled to great weight.") (quotations omitted), *report and recommendation adopted*, 2013 WL 842820 (Mar. 6, 2013). An ALJ who does not give the VA determination great weight, however, must "adequately explain the valid reasons for not doing so." *Chambliss*, 269 F.3d at 522; *Jordan*, 2013 WL 865969, at *17 ("[A]n ALJ may disregard a VA rating only if he provides valid reasons for doing so."); *Beltran v. Astrue*, No. 09-CV-111, 2010 WL 519760, at *4 (S.D. Tex. Feb. 9, 2010) (same). If the ALJ fails to consider the disability rating and explain his reasons for discounting it, he has failed to apply the proper legal standard and committed reversible error. *Clark v. Colvin*, No. 13-CV-111, 2014 WL 122020, at *6 (E.D. La. Jan. 13, 2014); *Beltran,* 2010 WL 519760, at *4 n.48 (collecting cases).

Here, the ALJ does not even acknowledge the VA's disability rating, let alone explain any reason for discounting it. *See* R. 14-23. This is clearly an error. *See, e.g.*, *Allison v. Berryhill*, No. 16-CV-170, 2018 WL 1274853, at *9 (N.D. Tex. Feb. 16, 2018) (finding the ALJ erred in failing to mention the VA's disability rating), *report and recommendation adopted*, 2018 WL 1276820 (Mar. 9, 2018). The Commissioner concedes as such, but argues the error was harmless. ECF No. 11 at 9. However, such an error is not subject to the harmless error analysis because the

"the Court cannot try issues de novo, reweigh the evidence, nor substitute its findings for those of the Commissioner." *Id.* (quotations omitted); *see also Stacy G. D. v. Berryhill*, No. 18-CV-204, 2019 WL 1315890, at *10 (N.D. Tex. Mar. 22, 2019) (explaining that failure to consider a VA disability rating is a legal error and that "[t]he Fifth Circuit has left the lower courts no discretion to determine whether this type of an error was harmless"); *Lark v. Saul*, No. 18-CV-543, 2019 WL 4450998, at *5 (S.D. Tex. Sept. 16, 2019); *Williams v. Berryhill*, No. 17-CV-1061, 2018 WL 3750520, at *15 (S.D. Tex. July 17, 2018), *report and recommendation adopted*, 2018 WL 3742026 (Aug. 7, 2018). The Court, therefore, recommends the case be remanded for consideration of Plaintiff's VA disability rating.

### B. The ALJ Erred in Failing to Specify the Frequency and Duration of Plaintiff's Restroom Breaks in the RFC and Hypotheticals Posed to the VE.

Plaintiff next contends that the ALJ erred in failing to specify the frequency and duration of restroom breaks in the RFC, despite finding that Plaintiff should be given "ready access" to restroom facilities. ECF No. 9 at 14-16; ECF No. 12 at 3-6. Commissioner argues that "ready access" necessarily means Plaintiff can use the restroom whenever needed and that, in any event, it was unnecessary for the ALJ to make a restroom limitation at all because he found Plaintiff's bladder and urination issues to be non-severe. ECF No. 11 at 7-9. Commissioner's arguments are without merit.

8

"[R]eady access to a bathroom is distinct from the question of whether a claimant needs . . . bathroom breaks that may exceed the number or duration of normal breaks during the workday." *Manker v. Berryhill*, No. 16-CV-10704, 2017 WL 6569719, at *4 (N.D. Ill. Dec. 22, 2017) (quotations omitted); *see also Wantock v. Berryhill*, No. 14-CV-741, 2017 WL 5713224, at *4 (W.D. Wis. Nov. 28, 2017) ("[P]roximity to a bathroom is only one component of *access*[.] The predictability, frequency and length of bathroom breaks are additional components, and . . . these components are material to an individual's ability to maintain full time employment."). An ALJ's failure to specify the duration and frequency of bathroom visits impacts the sufficiency of the VE's testimony regarding a plaintiff's ability to work.[5] *Green v. Astrue*, No. 09-CV-331, 2010 WL 2901765, at *5 (E.D. Tenn. July 2, 2010) ("[A]n ALJ should make a specific finding concerning the frequency and duration of the claimant's bathroom usage as part of the statement of the claimant's RFC. This specific finding is necessary so that the RFC statement can be relied upon when determining at the next step of the disability determination process if the claimant can perform her past relevant work.") (quotations and citations omitted) (alterations omitted), *report and recommendation adopted*, 2010 WL 2901762 (July

---

[5] "[The] necessity to leave the work station regularly due to incontinence could significantly affect a claimant's ability to meet job demands, . . . and thus reduce the number of jobs available to that claimant[.]" *Erica W. v. Berryhill*, No. 17-CV-3422, 2019 WL 1300352, at *20 (N.D. Tex. Feb. 26, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 1294818 (Mar. 21, 2019).

20, 2010); *see also Woods v. Comm'r Soc. Sec. Admin.*, No. 14-CV-1766, 2015 WL 8780538, at *4 (D. Or. Dec. 14, 2015) (finding the ALJ's failure to pose a hypothetical to the VE specifying frequency of restroom breaks rendered the VE's testimony that plaintiff could perform other jobs unsupported).

Here, there is evidence in the record that Plaintiff suffered from urinary issues during the relevant time period, particularly the increased need to urinate,[6] and the ALJ included "ready access" to a restroom in his RFC findings.[7] As numerous other courts have found, this is too vague to adequately account for Plaintiff's limitations.[8] The case must be remanded for the ALJ to include the frequency and duration of Plaintiff's restroom breaks in the RFC and hypotheticals posed to the VE. *See, e.g.*, *Darden v. Comm'r of Soc. Sec.*, No. 18-CV-349, 2019 WL 4462728, at *4-5 (W.D.N.Y. Sept. 18, 2019) (remanding for clarification on plaintiff's restroom limitations and their effect on plaintiff's ability to work); *Jeley v. Comm'r of Soc.*

---

[6] Nov. 1, 2016 (R. 164) (reporting frequent urination); May 1, 2017 (R. 226) (same); July 18, 2017 (R. 242) (same); June 15, 2017 (R. 1383) (diagnosing Plaintiff with "mild diffuse urinary bladder wall thickening"); Oct. 23, 2017 (R. 1066) (reporting "incomplete bladder emptying, urinary frequency, [and] urgency"); Mar. 16, 2018 (R. 41-42, 45) (testifying to frequent urination and other issues at the ALJ hearing).

[7] Apr. 9, 2018 (R. 18) (stating only that "the claimant must have ready access to restroom facilities").

[8] Commissioner's argument that it was unnecessary for the ALJ to find a restroom limitation at all, since Plaintiff's bladder problems were not severe, is inapposite. An ALJ must account for both severe and non-severe impairments in his RFC finding. 20 C.F.R. § 404.1545(a)(2); *see also Woods*, 2015 WL 8780538, at *3-4 (remanding for clarification on "ready access" when frequent urination was caused by medication side effects, rather than a severe impairment).

10

*Sec.*, No. 17-CV-396, 2018 WL 286169, at *5-6 (S.D. Ohio Jan. 4, 2018) (same), *report and recommendation adopted*, 2018 WL 2063870 (May 3, 2018); *Osborn v. Berryhill*, No. 16-CV-67, 2017 WL 4342127, at *6 (N.D. Tex. Sept. 12, 2017) (same), *report and recommendation adopted*, 2017 WL 4342111 (Sept. 28, 2017).

### C. The ALJ Did Not Err Regarding Plaintiff's Mental Impairments Because Plaintiff Failed to Allege Them Before this Appeal.

Plaintiff argues the ALJ erred by failing to consider his mental health disorders—Trauma Disorder, anxiety, and depression—by disregarding the psychological symptoms and opinions in his medical records, failing to include mental functional limitations in the RFC, and failing to order an updated psychological examination. ECF No. 9 at 11-14; ECF No. 12 at 1-2. Plaintiff, however, did not assert mental impairments as a basis for his disability until this appeal.

Plaintiff bears the burden of proving his disability. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995); *Goodson v. Colvin*, No. 12-CV-10, 2014 WL 5100261, at *5 (S.D. Tex. Oct. 9, 2014). Although an ALJ has the duty to fully develop the facts of a claimant's disability so that his decision is based on substantial evidence, this duty "does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record." *Leggett*, 67 F.3d at 566; *accord Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016). In other words,

11

the ALJ only has a duty to consider or develop the record as to an impairment presented before him. *See Johns v. Colvin*, No. 13-CV-4420, 2015 WL 1428535, at *15 (N.D. Tex. Mar. 30, 2015) ("[W]hen the claimant fails to raise the issue of a particular cause for disability before seeking review in the district court, [he] cannot say that [he] put the issue before the ALJ or that the ALJ improperly disregarded it.") (quotations and alterations omitted).

Here, Plaintiff did not assert any mental impairments before the ALJ. The ten impairments listed by Plaintiff in his application—osteoarthritis, finger injuries, high blood pressure, sleep apnea, shoulder injuries, migraines, neck pain, wrist stiffness, ankle pain, and hearing loss—were all physical. R. 174.[9] Plaintiff failed to mention any mental impairments at the hearing before the ALJ on March 16, 2018, despite being given ample opportunity to do so.[10] R. 30-53. Plaintiff's counsel also failed to question Plaintiff, the ME, and the VE about any mental impairments, diagnoses, or symptoms. R. 37, 40-46, 51-52. Plaintiff's briefs to the ALJ and Appeals Council

---

[9] In Form SSA-3441, Plaintiff did report experiencing new medical conditions beginning on October 1, 2016. R. 218. Plaintiff primarily reported increased levels of pain and spikes in blood pressure, but also mentions that his "nights are filled with dreams and thought" and that he "will have to renegade mental treatment." R. 218. Plaintiff, however, does not contend that this is an assertion of a mental health disability. *See* ECF No. 9 at 11-14; ECF No. 12 at 1-3. Regardless, the determination by the ALJ that Plaintiff did not suffer from a mental impairment is supported by substantial evidence, as described below.

[10] After Plaintiff testified about several of his physical impairments at the hearing, the ALJ asked Plaintiff whether they had addressed all of his impairments. R. 46-47. Plaintiff then described another physical issue—broken toes resulting from a lawnmower accident—but did not mention any mental diagnoses or symptoms. R. 47-48.

fail to mention Trauma Disorder, anxiety, or depression. R. 129-131, 285-286.[11] Therefore, the ALJ had no duty to consider them. *See, e.g.*, *Leggett*, 67 F.3d at 566 ("Because Leggett never raised the issue of mental impairment until this appeal, Leggett cannot say that he put his mental impairments before the ALJ."); *Nguyen Van Hoang v. Astrue*, No. 11-CV-1697, 2012 WL 9391968, at *10 (S.D. Tex. July 3, 2012) (finding plaintiff was foreclosed from seeking review of disability determination based on an impairment he failed to allege prior to appeal); *Blaylock v. Astrue*, No. 07-CV-721, 2008 WL 3005666, at *5 (W.D. Tex. July 31, 2008) (finding the plaintiff did not put his mental limitations before the ALJ, and the ALJ was under no obligation to consider mental health conditions, when the plaintiff did not allege such impairments nor testify to them).

Nonetheless, contrary to Plaintiff's contentions, the ALJ *did* consider his mental health. Plaintiff's medical records were twice evaluated by state agency psychological examiners, who both found Plaintiff did not suffer from any mental medically determinable impairment during the relevant time period.[12] The ALJ

---

[11] Plaintiff's brief to the Appeals Council does contain a reference to mental limitations, but only in a vague and boilerplate fashion. R. 130 (identifying an issue on appeal as the ALJ's failure to pose a proper hypothetical to the VE "which would correctly incorporate all of the Claimant's physical and mental limitations"). This is not enough to bring the issue before the Appeals Council. *See Rowe v. Colvin*, No. 16-CV-204, 2017 WL 3821473, at *15 (M.D. La. Aug. 30, 2017) (finding a case in which the plaintiff made a "passing reference" to a particular impairment in her Appeals Council brief akin to those where a plaintiff fails to allege the impairment until federal court).

[12] Feb. 7, 2017 (R. 59-60); July 28, 2017 (R. 71-72).

explicitly noted in his decision that he "assigned great weight to [these] opinions because they were well supported." R. 21. He need not elaborate any further, as he is "not require[d] . . . to mention every medical detail he takes into account when making his determinations." *Copenhaver v. Astrue*, No. 09-CV-838, 2011 WL 891617, at *5 (W.D. Tex. Mar. 11, 2011) (citing *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005)).

Although there are more than a few references to Plaintiff's mental health in his medical records, the Court finds the ALJ's determination supported by substantial evidence. First, Plaintiff has no diagnosis as to depression or anxiety, and his trauma symptoms were not severe enough to be diagnosed as PTSD.[13] None of the medications prescribed to Plaintiff related to a mental impairment,[14] and Plaintiff appears to have attended only a few counseling or behavioral health clinic visits after the alleged onset date.[15] In fact, Plaintiff explicitly declined treatment when he was

---

[13] Dec. 11, 2015 (R. 764-770) (determining that Plaintiff did not have PTSD because of insufficient symptoms, but that he did have "Other Specified Trauma and Stressor Related Disorder" due to three military-related stressor events); Aug. 16, 2017 (R. 1087-1089) (same).

[14] July 11, 2017 (R. 1101) (indicating Plaintiff had never been prescribed mental health medication); *see also* Nov. 1, 2016 (R. 164) (listing current prescriptions, none of which are for mental health); May 1, 2017 (R. 229) (same); July 18, 2017 (R. 248) (same).

[15] May 10, 2017 (R. 1127-1129); July 11, 2017 (R. 1092-1104); Aug. 16, 2017 (1087-1089). The majority of Plaintiff's counseling sessions occurred before his alleged onset date of July 4, 2016. *See, e.g.*, July 30, 2015 (R. 360-362); Oct. 27, 2015 (R. 328-331); Nov. 2, 2015 (R. 324-327); Nov. 23, 2015 (R. 317-320); Dec. 8, 2015 (R. 302-305). These were interspersed with primary care appointments where screens for PTSD and depression were negative. *See, e.g.*, June 26, 2015 (R. 369); Oct. 23, 2015 (R. 350-351).

diagnosed with "Other Specified Trauma and Stressor Related Disorder" on August 16, 2017, stating he had been doing well and had sufficient coping mechanisms.[16] Plaintiff's diagnosis and treatment history belies the existence of a severe mental impairment. *See, e.g.*, *Rowe v. Colvin*, No. 16-CV-204, 2017 WL 3821473, at *14 (M.D. La. Aug. 30, 2017) (finding the ALJ did not err in failing to address immune suppression as an impairment and noting that Plaintiff was not diagnosed with immune suppression, Plaintiff failed to present related concerns to her doctors, and Plaintiff did not raise the issue in her application for benefits); *Goodson*, 2014 WL 5100261, at *4 (noting none of plaintiff's medications were prescribed for mental or emotional impairment, and that plaintiff only attended counseling that was "limited in course and scope," in declining to remand based on plaintiff's depression).

---

[16] Aug. 16, 2017 (R. 1087-1088). Plaintiff argues that after this diagnosis, and the evaluation preceding it (R. 1092-1104), the state agency examiners' opinions became outdated and the ALJ should have ordered additional testing. ECF No. 9 at 13-14; ECF No. 12 at 2-3. However, the August 2017 diagnosis was not new; as described above, Plaintiff was diagnosed with "Other Specified Trauma and Stressor Related Disorder" by the VA a year and a half earlier. Dec. 11, 2015 (R. 764-770). There is no indication that any updated evaluation by state psychological examiners would result in a different opinion. *See Wycoff v. Berryhill*, No. 18-CV-885, 2019 WL 699995, at *8 (S.D. Tex. Feb. 19, 2019) ("[W]hether to seek an updated medical opinion is within the ALJ's discretion."); *Ybarra v. Colvin*, No. 13-CV-3720, 2015 WL 222330, at *7 (S.D. Tex. Jan. 14, 2015) ("[W]hen additional medical evidence is received that *in the opinion of the ALJ* may change the State agency medical or psychological consultant's findings, an updated medical opinion regarding disability is required.") (quotations omitted). In any event, the August 2017 diagnosis was in the record before the ALJ, and Plaintiff failed to bring it up in the hearing on March 16, 2018.

Second, Plaintiff himself either denied having symptoms of a mental impairment during the relevant time period[17] or attributed symptoms of stress and anxiety to pain, rather than to any mental impairment.[18] In the three Function Reports filled out by Plaintiff during the application process, he focused overwhelmingly on physical issues in response to the question, "How do your illnesses, injuries, or conditions limit your ability to work?"[19] There is little evidence, therefore, indicating anxiety, depression, or trauma affected his ability to work. *See, e.g.*, *Domingue v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004) (affirming denial of benefits when plaintiff did not allege depression as an impairment and "pointed to no evidence indicating that her alleged depression affected her ability to work"); *Rowe*, 2017 WL 3821473, at *15 (finding no error in ALJ's failure to address impairment not alleged in application for benefits when there was not substantial evidence showing the impairment limited plaintiff's ability to work); *Copenhaver*, 2011 WL 891617, at *4-5 (same).

---

[17] July 11, 2016 (R. 584, 590-591) (indicating plaintiff had a negative PTSD and depression screen and declined psychosocial services during initial visit with VA); Aug. 18, 2016 (R. 567-568) (noting Plaintiff denied any problems with PTSD and depression during evaluation for telehealth treatment plan); June 15, 2017 (R. 972) (noting Plaintiff denied anxiety, depression, and psychosis during hospitalization for appendicitis); Oct. 23, 2017 (R. 1416) (noting Plaintiff was negative for depression and anxiety in primary care consult).

[18] Nov. 1, 2016 (R. 162) (attributing a breakdown in social relationships to pain).

[19] Nov. 1, 2016 (R. 157); May 1, 2017 (R. 225); July 18, 2017 (R. 241).

For these reasons, the ALJ's determination that Plaintiff did not suffer from mental impairment, or at least a severe one affecting his ability to work, is consistent with substantial evidence and need not be considered on remand. *See Shave v. Apfel*, 238 F.3d 592, 596 (5th Cir. 2001) (finding the ALJ's decision that plaintiff was not limited by mental impairment supported by substantial evidence, even though plaintiff was briefly treated for PTSD and experienced some symptoms, because there was no evidence in the record that this precluded him from obtaining employment); *cf. Young v. Colvin*, No. 13-CV-3489, 2014 WL 4851565, at *32 (N.D. Tex. Sept. 30, 2014) (determining the ALJ did not err in finding plaintiff's PTSD and bipolar disorder non-severe, but that, in any event, plaintiff was not prejudiced because the medical records supported such a finding).[20]

### D. Plaintiff Waived His Argument that the ALJ Was Not Constitutionally Appointed by Failing to Raise the Issue at the Administrative Level.

Finally, Plaintiff argues the case must be remanded because the ALJ was not properly appointed under the Appointments Clause of the Constitution and therefore lacked authority to hear the case. ECF No. 9 at 18-23; ECF No. 12 at 6-8.

---

[20] Because the ALJ's finding was supported by substantial evidence, it was not an error, as Plaintiff contends, not to include mental functional limitations in the RFC. *See Copenhaver*, 2011 WL 891617, at *5 ("The ALJ is only required . . . to include in his [RFC] analysis disabilities supported by evidence and recognized by the ALJ. If the ALJ did not recognize [plaintiff's] depression, as is the case here, it was not [an] error for him to exclude depression from the RFC determination.") (quotations and citations omitted).

17

Commissioner argues that Plaintiff waived this argument by failing to raise it during the administrative process. ECF No. 11 at 10-20. Commissioner is correct.

"[T]he majority of the district courts that have decided the issue of the validity of a Social Security Administration ALJ's appointment require such issue to be raised at the administrative level or such claim is waived." *Perkins v. Berryhill*, No. 18-CV-664, 2019 WL 2997082, at *4 (N.D. Tex. June 21, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 2996055 (July 9, 2019). While the Fifth Circuit has not ruled on this issue, at least three district courts within the Circuit have found the argument waived when not brought before the ALJ or Appeals Council. *See, e.g.*, *Perkins*, 2019 WL 2997082, at *4; *Velasquez v. Berryhill*, No. 17-CV-17740, 2018 WL 6920457, at *2 (E.D. La. Dec. 17, 2018) ("[A] constitutional challenge under the Appointments Clause is nonjurisdictional, and thus, a party may forfeit his Appointments Clause claim by failing to raise it at the administrative level.") (quotations omitted), *report and recommendation adopted*, 2019 WL 77248 (Jan. 2, 2019); *Williams v. Berryhill*, No. 17-CV-87, 2018 WL 4677785, at *2-3 (S.D. Miss. Sept. 28, 2018) (declining to thoroughly analyze plaintiff's Appointments Clause argument because it was "clear that this claim ha[d]

been waived").[21] Because Plaintiff failed to raise this argument at the administrative level, his argument is without merit.

## IV. CONCLUSION

For the reasons stated above, the Court recommends Plaintiff's motion for summary judgment be GRANTED on the issues of Plaintiff's VA rating and RFC limitation of "ready access" to a restroom, and Commissioner's motion for summary judgment be DENIED on these issues. The Court recommends Plaintiff's motion be DENIED, and Commissioner's motion be GRANTED, on all other grounds. The case should be REMANDED with instructions for the ALJ to consider:

(1) Plaintiff's 100% VA disability rating;

(2) the frequency and duration of Plaintiff's restroom breaks; and

(3) the hypotheticals posed to the VE based on these changes.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on December 9, 2019.

---

[21] Plaintiff has pointed to no case in the Fifth Circuit—nor has this Court found one—in which a court has accepted his argument.

Signed on December 9, 2019, at Houston, Texas.

                                                   *Dena Palermo*
                                                   Dena Hanovice Palermo
                                                   United States Magistrate Judge