IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY JAMES DICKERSON JR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:18-CV-04578 |
| | § | |
| ANDREW SAUL, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMISNATION | § | |
| | § | |
| *Defendant*. | § | |

# MEMORANDUM & ORDER

Pending before the Court is Plaintiff's motion for attorney's fees. ECF No. 20.[1] The Court determines that Plaintiff's motion should be granted.

## I.   BACKGROUND

On August 1, 2016, Plaintiff Jerry James Dickerson Jr. ("Plaintiff") applied to the Social Security Administration ("SSA") under Title II seeking benefits beginning on July 4, 2016 based on osteoarthritis in both knees, finger injuries, high blood pressure, sleep apnea, injuries in both shoulders, migraine headaches with blurred vision, neck pain, wrist stiffness, ankle pain, and hearing loss. Report & Recommendation ("R&R"), ECF No. 13 at 2. His application was denied initially

---

[1] The judge to whom this case is assigned, United States District Judge Keith Ellison, referred Plaintiff's motion for attorney's fees to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). Notice, ECF No. 21.

1

and on reconsideration. *Id*. An Administrative Law Judge ("ALJ") held a hearing in which Plaintiff and a vocational expert testified. *Id*. Plaintiff was represented by counsel. Def's Brief, ECF No. 11 at 2. After the hearing, the ALJ issues a decision finding Plaintiff to not be disabled. ECF No. 13 at 3. Plaintiff requested review of this decision by the Appeals Council, which the Appeals Council denied. *Id.*

Plaintiff appealed the Administration's decision to the federal district court. Compl., ECF No. 1. Judge Ellison referred Plaintiff's and Defendant's cross motions for summary judgment to this Court for recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

This Court found that the ALJ erred in failing to consider Plaintiff's 100% VA disability rating and erred in failing to specify the frequency and duration of Plaintiff's restroom breaks in the RFC and hypothetical questions posted to the vocational expert. *Id.* at 5–11. This Court recommended that the case be remanded with instructions for the ALJ to consider: (1) Plaintiff's 100% VA disability rating; (2) the frequency and duration of Plaintiff's restroom breaks; and (3) the hypotheticals posed to the vocational expert based on these changes. *Id*. at 19. Judge Ellison adopted the recommendations and remanded the case. Order Adopting R&R, ECF No. 14.

Based on the successful appeal to the district court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff's counsel sought and

was awarded $8,512.82 in attorney's fees and the district court filing fee of $400. Mot., ECF No. 15; Order, ECF No. 19.

On remand, the Social Security Administration (the "Administration") found Plaintiff to be disabled. SSA Retirement, Survivor, and Disability Insurance Notice of Award, ECF No. 20-1 at 1. The total amount of past due benefits is $82,848.00 (25% of that amount of past due benefits is $20,712.00). Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now seeks a court order awarding attorney's fees in the amount of $14,712.00. ECF No. 20. If awarded this sum, counsel for Plaintiff will refund the previously awarded EAJA fee of $8,512.82 directly to Plaintiff. *Id.*

The Commissioner of the Administration ("the Commissioner") "takes no legal position as to the appropriateness or reasonableness" of Plaintiff's counsel's request, as the Commissioner only plays the role of "trustee for the claimants." Def.'s Resp., ECF No. 22, at 1. Thus, the Commissioner declined to comment on the reasonableness of Plaintiff's attorney's request. *Id*. at 1.

## II. LEGAL STANDARD

Sections 406(a) and (b) "provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (citing 42 U.S.C. § 406(a)-(b)).

Section 406(a) governs fees for representation at the administration level. *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). Section 406(b) governs the award of attorney's fees for representing claimants in court. *Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *2 (S.D. Tex. Oct. 12, 2017) (Milloy, J.). The combined fees under subsection (a) and (b) cannot exceed twenty-five percent of past-due benefits. *Rice v. Astrue*, 609 F.3d 831, 834-35 (5th Cir. 2010). "Congress intended Section 406(b) to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Jackson v. Astrue*, 705 F.3d 527, 530 (5th Cir. 2013). Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand after the court had vacated the Administration's previous decision denying benefits. *Id.* at 531.

Even when the requested fee is within the statutory ceiling of twenty-five percent, "§ 406(b) requires the court to review the 'arrangement as an independent check, to assure that it yields reasonable results' in the case." *Calaforra*, 2017 WL 4551350, at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal marks omitted)). The court performs an independent check to ensure that the fee is not a windfall to the attorney. *Jeter*, 622 F.3d at 380-82. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment

is in order to disallow windfalls for lawyers." *Id.* at 379. The court has wide discretion in approving or discounting the amount of attorney's fees. *Id.* at 376.

Sections 406(a) and 406(b) are not the only sources of compensation available to an attorney. "Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not 'substantially justified.'" *Calaforra*, 2017 WL 4551350, at *2 (quoting 28 U.S.C. § 2412(d)(1)(A)). "Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), 'but must refund to the claimant the amount of the smaller fee.'" *Jackson*, 705 F.3d at 529 n.2 (quoting *Gisbrecht*, 535 U.S. at 796 (internal marks omitted)).

### III. ANALYSIS

The Court must decide whether counsel's request for a fee award under § 406(b) is reasonable and timely.

#### A. The Motion for Fees Is Reasonable

The burden is on the attorney to show that the fee is reasonable. *See Calaforra*, 2017 WL 4551350, at *3-4. The court may use a variety of non-exhaustive factors in performing the reasonableness check, including, the existence of a contingency fee agreement, the risk of loss the attorney takes on, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting

5

hourly rate. *Jeter*, 622 F.3d at 377; *Calaforra*, 2017 WL 4551350, at *4. No one factor is dispositive, and the court may not exclusively rely on the resulting hourly rate in determining the reasonableness of the fee. *Jeter*, 622 F.3d at 377 (finding it proper for the district court to calculate the resulting hourly rate while simultaneously relying on additional factors to support its determination that the contingency fee constitutes an unearned advantage to the attorney).

Analyzing these factors, the Court finds that a fee of $14,712.00 is reasonable in this case as follow:

1. The Contingency Fee Is Reasonable

First, Plaintiff signed a contingency fee agreement setting the counsel's compensation at twenty-five percent of any recovery of past-due benefits. Signed Retainer and Fee Agreement, ECF No. 20-2 at 2. This fee is within the statute. 42 U.S.C. § 406(b)(1)(A). In this case Plaintiff's attorney asks for less than 25% of the past-due benefits.

Courts have recognized that in contingency representation, attorneys should receive "full compensatory fees" when the client receives "excellent results." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that lawyers who take on contingency cases should receive far more in winning cases because of the intrinsic risk). In social security cases for disability benefits, courts have noted the substantial risk of loss. *See Smith v. Berryhill*, No. 3:15-CV-686, 2017 WL 1501542,

at *3 (N.D. Tex. Apr. 6, 2017), *adopted*, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017), at *2 (finding substantial risk of loss in civil actions for social security disability benefits); *Charlton v. Astrue*, No. 3:10-CV-056, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (noting that on average only thirty-five percent of claimants who appealed their case to federal court received benefits).

In this case, Plaintiff's counsel undertook a risk by representing Plaintiff without any guaranteed payment. Counsel obtained a good result for his client. He filed a motion for summary judgment, and the Court remanded the case. At the administrative level on remand, Plaintiff was awarded social security benefits and an award of past-due benefits. *See Calaforra*, 2017 WL 4551350, at *4. Additionally, there is no evidence that Plaintiff's counsel caused any unnecessary delay in the proceedings at the district court level. *Id.* (citing absence of delay in approving fee).

2. The Number of Hours Is Reasonable

Plaintiff's counsel spent 46.3 hours preparing for Plaintiff's case, although Plaintiff's counsel sought EAJA compensation for only 42.5 in exercise of billing discretion. Statement of Attorney Time Expended, ECF No. 20-3 at 3. The typical number of hours spent on a Social Security disability claim is 30–40 hours. *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at * 1 (N.D. Tex. Oct. 3, 2017)

(noting that a typical attorney in a social security case claims "between thirty and forty hours for attorney work."). Under § 406(b), a plaintiff's attorney may receive fees for work performed in court, but not for work performed in administrative proceedings. *See Gisbrecht*, 535 U.S. at 794 ("[Section] 406(b) controls fees for representation in court."). Plaintiff's counsel, David Chermol, accrued these hours representing Plaintiff at the court level, not at the administrative level. ECF No. 20-3 at 3. Furthermore, of the forty-plus hours spent on this case, Mr. Chermol spent 31 of the hours composing a well-written and researched twenty-four page motion for summary judgment that distilled medical evidence from a 1,570-page administrative record into four legal issues, two of which were the basis for remand. ECF No. 20-3; Pl.'s MSJ Brief, ECF No. 9 at 9. *See Smith*, 2017 WL 1501542, at *3 (noting favorably the quality of representation when spent "27 hours drafting a 19-page appellate brief that identified several critical arguments from a 904-page administrative record).

3. Counsel Is Experienced in Social Security Work

Furthermore, for more than 10 years, counsel has litigated hundreds of social security cases. ECF No. 20-3 at 1. In addition, Mr. Chermol trained other attorneys in social security and disability cases. *Id*. at 2. He received the Member of the Year Award for 2013–2014 from the National Association of Disability Representatives. *Id*. Plaintiff's award of past-due-benefits appears to be as a result of counsel's

expertise. "If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 382.

    4. The Effective Hourly Rate Is Reasonable

If awarded his fee, the hourly rate for counsel's 46 hours of work is $319.82 ($14,712.00/46 hours). While higher than the EAJA hourly rates of $125 per hour, even with cost-of-living adjustments, as this Court awarded a rate of $230.147 per hour,[2] the hourly rate reflects the effective representation counsel provided Plaintiff. Because of the inherent risk in social security cases, the Fifth Circuit has recognized that in § 406(b) cases, "an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *Jeter,* 622 F.3d at 382. Furthermore, a $319.82 hourly rate is less than rates approved in other cases. *See, e.g.*, *Smith*, 2017 WL 150542 (approving hourly rate of $771.16); *Wilson v. Berryhill*, No. 3:13-CV-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding reasonable $937.50 hourly rate); *Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506 (N.D. Tex. Aug. 12, 2013) ("$1,245.55 per hour" was not an unreasonable request).

---

[2] Plaintiff's Motion for Attorney's Fees under the EAJA included an hourly rate calculation based on the increase of the locality rate given the average Consumer Price Index in 2018, 2019, and 2020 for the Houston-Galveston-Brazoria region. ECF No. 19 at 5.

9

### B. The Application Was Timely

Any request for fees under § 406(b) must be timely. *Calaforra*, 2017 WL 4551350, at *4 (citing *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006)). In Pierce, the Fifth Circuit concluded that the deadline to file the motion should be no later than 14 days after entry of judgment, recognizing that it was unlikely a claimant would resolve his claim in that time. *Id.* The court recognized that the deadline could be extended. *Id.* Other courts have held that the motion should be filed in a reasonable time. *See id.* (collecting cases).

Here, counsel filed the motion within three weeks of the award from the Commissioner. *See* ECF No. 20 & 20-1. Thus, the Court finds that the motion is timely.

In sum, considering these factors, the Court finds that an award of $14,712.00 is reasonable, as it is a direct result of counsel's advocacy and followed in a good result for the Plaintiff. *See Smith*, 2017 WL 1501542, at *3 (finding $20,898.68 for twenty-seven hours reasonable). The motion is timely. Therefore, it should be granted.

### IV.  CONCLUSION

The Court **ORDERS** as follows:

1. Plaintiff's motion for attorneys' fees, ECF No. 20, is **GRANTED**;

2. Defendant is **ORDERED** to pay Plaintiff's counsel, the Law Office of Chermol & Fishman, LLC, $14,712.00 withheld from Plaintiff's past-due-benefits; and

3. Plaintiff's counsel is **ORDERED** to refund the EAJA award in the amount of $8,512.82 directly to Plaintiff.

Signed on May 26, 2021, at Houston, Texas.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**